UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

J & Q GROUP CORP,              )
                               )
         Plaintiff             )
v.                             )    1:17-cv-00150-JAW
                               )
SCOTT KNOWLTON,                )
                               )
         Defendant             )

# RECOMMENDED DECISION
# BASED ON DEFENDANT'S FAILURE TO SHOW CAUSE

On May 1, 2017, the Court entered a Scheduling Order through which the Court established December 5, 2017, as the trial-ready date. (ECF No. 18.) Following a conference with Plaintiff's counsel and Defendant Knowlton, the Court amended the Scheduling Order to establish a trial-ready date of January 9, 2018. (ECF No. 27.) The matter was scheduled for a final pretrial conference on December 6, 2017, at 11:00 a.m. (ECF No. 28.)

On December 6, 2017, at 11:00 a.m., Plaintiff's counsel appeared for the pretrial conference telephonically. Defendant did not appear personally or telephonically, and did not communicate in any way with the Court regarding the pretrial conference. Because Defendant failed to appear for the conference, failed to file a final pretrial memorandum, and otherwise failed to communicate with the Court, on December 6, 2017, the Court ordered Defendant to show cause in writing on or before December 22, 2017, why the Court should

not enter a default against him. (ECF No. 31.) The Court cautioned Defendant that if he failed to show cause, a default could enter against him. (*Id*.)

Defendant has not filed any pleading in response to the Show Cause Order, and has not otherwise communicated with the Court. Given Defendant's failure to show cause, I recommend the Court enter a default against Defendant and schedule a hearing on Plaintiff's damages.

**Discussion**

Federal Rule of Civil Procedure 16(f) provides:

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

>   (A) fails to appear at a scheduling or other pretrial conference;
>
>   (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or
>
>   (C) fails to obey a scheduling or other pretrial order.

(2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(A)(vi) authorizes the Court to impose sanctions, including the entry of a default judgment, upon a party's failure to comply with a court's pretrial order. A party who disregards a court order "does so at its own peril." *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37 (1st Cir. 2012). Whether default is an appropriate sanction for the violation

2

of a court order depends on the circumstances of each case. *Id*. at 38. Among the factors a court should consider are whether the party had "fair warning of the possible consequences of the misconduct," and an opportunity to be heard. *Id*.

In this case, upon Defendant's failure to file a pretrial memorandum, failure to attend the pretrial conference, and failure to communicate in any way with the Court in advance of the pretrial conference, the Court did not immediately enter a default. Instead, the Court provided Defendant the opportunity to show cause as to why a default should not enter against him. The Court advised Defendant that his failure to show cause could result in the entry of a default. In other words, the Court notified Defendant of the possible consequence of his failure to participate in the pretrial process and afforded him the opportunity to explain his lack of compliance with the Court's order. Defendant, however, failed to respond to the Court's order. Under the circumstances, the entry of a default on Plaintiff's claims against Defendant is warranted.

**Conclusion**

Based on the foregoing analysis, I recommend the Court enter default against Defendant Knowlton and schedule a hearing on Plaintiff's damages.[1]

**<u>NOTICE</u>**

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district

---

[1] Because Defendant has appeared in the matter, Defendant will be notified of the hearing on damages. *See* Federal Rule of Civil Procedure 55(b)(2).

3

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of January, 2018.